**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEBORAH MILES,

          Plaintiff - Appellant,

   v.

RUTH CUENTAS,

          Defendant - Appellee.

No. 12-55517

D.C. No. 2:10-cv-02809-JHN-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jacqueline H. NGUYEN, District Judge, Presiding

Argued and Submitted February 5, 2014
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and BURRELL, Senior
District Judge.[**]

    Deborah Miles appeals the district court's grant of judgment on the

pleadings under Federal Rule of Civil Procedure 12(c) in favor of Transportation

Security Administration ("TSA") Officer Ruth Cuentas on Miles's Fourth

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Garland E. Burrell, Jr., Senior District Judge for the
U.S. District Court for the Eastern District of California, sitting by designation.

Amendment claims concerning her screening search at an airport security checkpoint. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court did not err in holding Cuentas is entitled to qualified immunity because, at the time of Miles's search, existing law did not provide a reasonable TSA officer in Cuentas's position with "fair warning" that the conduct alleged was unlawful. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th Cir. 2006). "[When] determin[ing] whether a right is clearly established, the reviewing court must consider whether a reasonable officer would recognize that his or her conduct violates that right under the circumstances faced, and in light of the law that existed at that time." *Id.* A "case directly on point [is not required], but existing precedent must have placed the . . . constitutional question beyond debate." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011). Here, no Supreme Court, circuit court, or district court decision existed at the time of Miles's search, that decided the constitutional scope of an airport security screening search performed on a wheelchair-bound passenger. Accordingly, we affirm the district court's entry of judgment on the pleadings on the basis of qualified immunity without deciding whether Miles's Second Amended Complaint states a Fourth Amendment claim. *See Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) ("[W]e affirm the district court's

2

dismissal of the claim on the basis of qualified immunity without reaching the underlying constitutional question.").

We also conclude the district court did not abuse its discretion in granting judgment on the pleadings without deciding Miles's Rule 37 motion to exclude evidence and witnesses or Rule 56(f)[1] motion to dismiss Cuentas's summary judgment motion. Miles's motions concerned evidence Cuentas filed under seal only in connection with her alternative summary judgment motion.[2] Further, the information Miles ultimately seeks, TSA procedures and policies concerning airport security screening searches, has not been shown relevant to the issue of whether Cuentas prevails on her qualified immunity defense. *See Case v. Kitsap Cnty. Sheriff's Dep't,* 249 F.3d 921, 929-30 (9th Cir. 2001) ("Whether [an official] violate[s] . . . an internal departmental policy is not the focus of our inquiry. Rather, our focus is on whether a reasonable officer would have known that the [official's] conduct violated [the plaintiff's] . . . constitutional rights . . . .").

---

[1] "Former Rule 56(f) of the Federal Rules of Civil Procedure became Rule 56(d) under the 2010 Amendments to the Federal Rules. Because the district court decision, [and] the [appellate] briefs to this court . . . refer to the former Rule 56(f), this [memorandum disposition also] so refers to the rule currently codified as Rule 56(d)." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 990 n.7 (9th Cir. 2013).

[2] Cuentas filed a Motion for Judgment on the Pleadings and in the Alternative, Motion for Summary Judgment.

3

We also reject Miles's argument that the district court abused its discretion in implicitly denying her leave to amend because it is apparent amendment would be futile. *See Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("'[L]iberality in granting leave to amend is subject to several limitations[,]' . . . includ[ing] . . . futility . . . ." (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)); *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) ("[W]here the reason for den[ying leave to amend] is apparent, the district court need not state reasons.").

**AFFIRMED.**